**BRIGGS & STRATTON CORP., Plaintiff,**

v.

**KOHLER CO., Defendant.**

No. 05–C–0025–C.

United States District Court, W.D. Wisconsin.

Nov. 16, 2005.

David L. Debruin, Milwaukee, WI, for Plaintiff.

David J. Harth, Heller Ehrman White & McAuliffe, Madison, WI, for Defendant.

## ORDER

CRABB, District Judge.

In an order dated November 3, 2005, I construed the claims in this case, granted plaintiff's motion for summary judgment with respect to defendant's infringement of United States Patent No. 6,382,166 (the '166 patent) and denied plaintiff's motion with respect to defendant's infringement of United States Patent No. 6,460,-502 (the '502 patent) and with respect to plaintiff's claim that the '166 and '502 patents are not invalid. The case is before the court on plaintiff's motion for reconsideration and defendant's motion for reconsideration and motion for partial summary judgment.

### A. Plaintiff's Motion for Reconsideration

Plaintiff asks the court to 1) grant summary judgment of non-anticipation of the '166 patent, contending that the undisputed facts as found by the court made trial unnecessary; 2) clarify that nothing in the court's order precludes plaintiff from arguing at trial that the Austin, Menen, Ricardo, and Van Ligten patents fail to disclose the remaining elements of the '166 patent claims; 3) grant summary judgment that the '502 patent is not invalid under 35 U.S.C. § 102(g); and 4) clarify that a dispute remains on whether Watanabe, Katano, McFarlane, Notaras and Tsutsumi patents disclose a "runner filler" under the court's claim construction.

### 1. Features of the Austin, Menen, Ricardo, Van Ligten, Watanabe, Katano, McFarlane, Notaras and Tsutsumi patents

In the parties' proposed findings of fact, each side proposed certain facts that the other did not dispute, but which were contradicted by other "undisputed" facts. Consequently, plaintiff contends that several disputed facts were found by the court

to be undisputed. These facts include whether the Watanabe and McFarlane patents disclose a runner filler. Plaintiff has asked to court to permit it to argue these issues at trial.

In response, defendant has asserted that its expert no longer relies on the Menen, Ricardo and Van Lighten patents to invalidate the '166 patent claims and no longer intends to rely on the Katano, Notaras, or Tsutsumi references to invalidate the '502 patent claims. Defendant's expert will rely on Watanabe and McFarlane and will contend that Austin shows a rail.

■ The purpose of summary judgment is to simplify trial by resolving issues about which there is no dispute. Summary judgment is not intended to prevent genuinely disputed issues from reaching a jury. It appears that the "undisputed" facts at issue were found to be undisputed only because of errors in the parties' responses to proposed findings of fact. Furthermore, the parties' proposed findings of fact relied on the parties' proposed constructions of key claim terms. In light of the court's claim constructions, which the parties could not anticipate, it would be unfair to hold either party to an earlier reading of the prior art that conflicts with the claim constructions adopted by the court. Therefore, I will allow plaintiff to argue that Watanabe, and McFarlane patents do not disclose a runner filler. Because defendant no longer relies on the remaining prior art, I will deny plaintiff's motion as moot with respect to the remaining references.

### 2. The Austin and Menen patents do not anticipate the '166 patent and therefore summary judgment of non-anticipation should be granted

In its response brief, defendant asserts that it will no longer argue that the Austin

and Menen patents anticipate the '166 patent. Because the Austin and Menen patents were the only patents disputed at summary judgment with regard to anticipation of the '166 patent, plaintiff contends that it should be granted summary judgment of non-anticipation. However, in its motion for reconsideration, defendant has stated that, in light of the court's construction of key claim terms, it will now argue that the Murata, Kollock and Shirai patents anticipate the '166 patent. Therefore, because material facts remain in dispute regarding the anticipation of the '166 patent, I will deny plaintiff's request for summary judgment with respect to non-anticipation of the '166 patent.

### 3. *The '502 patent is not invalid under 35 U.S.C. § 102(g)*

Defendant has indicated that it is abandoning its argument that the Courage engine anticipated the '502 patent under 35 U.S.C. § 102(g). Therefore, I will grant plaintiff's motion for summary judgment with respect to that claim.

### B. *Defendant's Motion for Reconsideration*

Defendant asks the court to rule that (1) it is not barred from arguing at trial that the Murata, Kollock, Shirai and Ogura patents have rails; and (2) it may rely on the Ljunstrom patent to show that claims 1 and 6–10 of the '166 patent are obvious.

### 1. *Features of the Murata, Kollock, Shirai and Ogura patents*

■ Defendant asks the court to permit it to argue at trial that the Murata, Kollock, Shirai and Ogura patents disclose rails under the court's construction of that term. The motion will be granted with respect to the Murata, Kollock and Shirai patents because the proposed findings of fact submitted on summary judgment relied on the parties' proposed constructions of the term "rail," instead of on the court's construction of that term. As I stated above, it would be unreasonable to hold either party to its earlier reading of the prior art when that reading conflicts with the claim construction adopted by the court.

Defendant's motion should be granted with respect to the Ogura patent also. Defendant states correctly that the court erred when it said, "Defendant disclosed for the first time in its response brief that the kinematic drawings found in those references can be read to include a rail as the term is used in the '166 patent. I have already stricken those arguments because they were not disclosed to plaintiff." Order at 96. Defendant objects to this statement on the ground that neither plaintiff's motion to strike nor the court's discussion of the motion to strike directly addressed the Ogura patent. Although plaintiff alleged in reply to its proposed findings of fact, that defendant's expert had not previously disclosed his position with regard to the Ogura patent, plaintiff did not squarely raise that contention in its motion to strike. Furthermore, defendant has cited its timely-filed invalidity report, in which its expert asserted that the Ogura patent disclosed rails. Because defendant's reading of the Ogura patent was disclosed to plaintiff prior to summary judgment, defendant will be permitted to argue its position at trial.

### 2. *The Ljunstrom patent*

Plaintiff asks the court to permit it to argue at trial that the Ljunstrom patent renders obvious claims 1 and 6–10 of the '166 patent. Once again, defendant's proposed findings of fact and arguments submitted on summary judgment relied on the parties' proposed constructions of the term "rail," instead of on the court's construction of that term. In light of the court's claim construction, defendant will

be permitted to adjust its earlier reading of the Ljunstrom patent.

### C. Defendant's Motion for Partial Summary Judgment of Non-infringement

Although defendant did not move for summary judgment prior to the deadline for filing dispositive motions, it now contends that the court's construction of the claim terms entitles it to summary judgment of non-infringement of claims 15–31 of the '502 patent. The undisputed facts found in the summary judgment order appear to support defendant's contention that it is entitled to judgment as a matter of law. However, because defendant's motion has been brought at such a late date, plaintiff has not had an opportunity to respond. Therefore, I will stay a decision on this motion until the final pretrial hearing on Friday, November 25, 2005, in order to permit plaintiff an opportunity to respond.

### ORDER

IT IS ORDERED that

1. Plaintiff's motion for summary judgment that the '166 patent is not invalid as anticipated is DENIED;

2. Plaintiff's motion to clarify the court's ruling regarding the Austin, Menen, Ricardo, and Van Ligten patents is DENIED as moot;

3. Plaintiff's motion for summary judgment that the '502 patent is not invalid under 35 U.S.C. § 102(g) is GRANTED; and

4. Plaintiff's motion to clarify whether a dispute remains on whether certain patents disclose a "runner filler" under the court's claim construction is GRANTED with respect to the Watanabee and McFarlane references and DENIED as moot with respect to the remaining references.

FURTHER, IT IS ORDERED that

1. Defendant's motion for clarification is GRANTED. Defendant will be permitted to argue at trial that the Murata, Kollock, Shirai and Ogura patents have rails and that the Ljunstrom patent renders obvious claims 1 and 6–10 of the '166 patent.

FURTHER IT IS ORDERED that a decision on defendant's motion for partial summary judgment is STAYED to permit plaintiff an opportunity to respond to the motion.